IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REX ALVIN DREW,

           Petitioner,                                  ORDER

v.

                                                               14-cv-565-wmc

STATE OF WISCONSIN, et al.,

           Respondents.

---

Rex Alvin Drew has filed a petition for a writ of habeas corpus and an affidavit in support. He names the State of Wisconsin, Sauk County, Sheriff Chip Meister and "John/Jane Does" as respondents in this case and he seeks relief pursuant to 28 U.S.C. §§ 2254 and 2255 from "false imprisonment." To the extent that Drew is in custody of a state official, his petition is construed as one governed by 28 U.S.C. § 2254. The court is required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to review the petition and determine whether an answer is needed from the respondent. For reasons set forth briefly below, the court is unable to complete this review. Therefore, Drew will be asked to provide additional information about his petition.

Drew alleges that he was imprisoned by Sauk County on March 12 through March 13, 2014, and again on July 26, through July 31, 2014. Drew provides no information about his arrest, the charges against him or the reason for his imprisonment. He identifies no court or pending case number. Likewise, although Drew lists Sauk County Sheriff Chip Meister as a potential respondent, but he alleges no facts showing that he is currently in Sheriff Meister's custody.

1

The federal habeas corpus statutes give district courts limited jurisdiction to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); 28 U.S.C. § 2254(a). The Supreme Court has clarified that, for jurisdiction to attach, a habeas corpus petitioner must be "in custody" at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). The importance of a petitioner's custody status cannot be minimized. The custody element is "required not only by repeated references in the [federal habeas corpus statutes], but also by the history of the great writ." *Id.* at 238 (footnotes and internal citations omitted). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Id.* (citing *Peyton v. Rowe*, 39 U.S. 54 (1968)); *see also Brown v. Allen*, 344 U.S. 443, 533 (1953) (Jackson, J., concurring) ("The historic purpose of the writ has been to relieve detention by executive authorities without judicial trial").

So that the court can review the petition as required by Rule 4, Drew must amend or supplement his petition by naming the state officer who had custody over him at the time his petition was filed. Alternatively, if Drew is not yet in custody under a state court judgment, but may be subject to future custody, he must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. Drew must also identify the state court judgment that he is challenging. In that respect, Drew must identify a case number and the court in which the charges against him are pending. If he is currently facing charges in state court, Drew

must provide specific information about the charges that are pending against him and the status of those charges. Drew must also specify the relief that he is seeking and a short, plain statement of all the grounds for relief available to him along with the facts supporting each ground. Drew is directed to amend or supplement his petition accordingly within twenty days of the date of this order.

## ORDER

IT IS ORDERED THAT:

1. Within twenty days of the date of this order, Rex Alvin Drew is directed to amend or supplement his pending habeas corpus petition with the following: (a) the name of the state officer having custody over him at the time his petition was filed; (b) the state court judgment he is challenging, including a case number and the court in which the charges against him are pending; (c) specific information about the charges pending against him and the status of those charges; (d) the specific relief being sought; and (e) a short, plain statement of all the grounds for relief available along with the facts supporting each ground.

2. If Drew fails to comply with this order as directed, this case will be dismissed pursuant to Fed. R. Civ. P. 41(b) without further notice.

Entered this 19th day of August, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge